IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Community Bank of Mississippi, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 6:08-03758-JMC |
| | ) | |
| v. | ) | **OPINION & ORDER** |
| | ) | |
| Donald E. Carson, Janet D. Carson | ) | |
| Elizabeth D. Moore as Personal | ) | |
| Representative, and The Estate of Alta Nell | ) | |
| Dion, | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on Plaintiff's second motion for summary judgment [Entry # 45]. The court has jurisdiction under 28 U.S.C. § 1332. After carefully considering the motions, the memoranda, the record and the applicable law, Plaintiff's motion with respect to Defendants Donald Carson and Janet Carson is **DENIED**; Plaintiff's motion with respect to Defendants Elizabeth D. Moore as Personal Representative and the Estate of Alta Nell Dion is **GRANTED**.

**FACTUAL AND PROCEDURAL BACKGROUND**

The undisputed facts in this case establish that beginning in 2006 Defendant Donald E. Carson ("Mr. Carson"), executed certain Guaranty Agreements in Scott County, Mississippi in favor of Plaintiff Community Bank of Mississippi. Because Mr. Carson failed to pay the underlying obligations pursuant to the guaranties as agreed, Plaintiff demanded full payment from him. On May 30, 2008, Plaintiff filed suit against Mr. Carson in Scott County, Mississippi to collect the balance of the loan proceeds. A Summons and Complaint were personally served upon Mr. Carson on June

1

12, 2008 in Greenville, South Carolina. Mr. Carson failed to answer the Complaint. On June 30, 2008, Mr. Carson and Defendant Mrs. Janet D. Carson ("Mrs. Carson") conveyed their joint interest in approximately 50.2 acres of real property to Mrs. Carson's mother Alta Nell Dion ("Ms. Dion"). The stated consideration for this conveyance was $101.00. It is this conveyance that is at issue in this case.

On July 16, 2008, Ms. Dion executed a codicil to her will devising the subject property to Mrs. Carson upon her death.[1] Also on July 16, 2008, the Scott County, Mississippi Clerk of Court filed an Entry of Default against Mr. Carson. On July 22, 2008, a Scott County Circuit Court Judge ordered a Default Judgment against Mr. Carson. On July 24, 2008, Ms. Dion died. Plaintiff filed its Notice of Filing Foreign Judgment on August 22, 2008 in Greenville County, South Carolina, and Mr. Carson was personally served with an unfiled copy on August 18, 2008.[2] On November 10, 2008, Plaintiff filed the instant action alleging causes of action for fraudulent conveyance and civil conspiracy. On November 11, 2008, Plaintiff recorded a Lis Pendens in the Office of the Greenville County Clerk of Court.

**STANDARD OF REVIEW**

Summary judgment is appropriate only "if the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no

---

[1] According to Mrs. Carson's Affidavit dated March 31, 2010, Ms. Dion's estate is pending in the Greenville County Probate office in Estate file No. 08-ES-23-01533.

[2] Plaintiff executed its Notice of Filing of Foreign Judgment on August 13, 2008; however, it was not filed until August 22, 2008.

genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In deciding whether there is a genuine issue of material fact, the evidence must be viewed in the light most favorable to the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Furthermore, according to the Supreme Court:

> [t]he "genuine issue" summary judgment standard is "very close" to the "reasonable jury" directed verdict standard: "The primary difference between the two motions is procedural; summary judgment motions are usually made before trial and decided on documentary evidence, while directed verdict motions are made at trial and decided on the evidence that has been admitted." In essence, though, the inquiry under each is the same: whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.

*Anderson*, 477 U.S. at 251-252 (citing *Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731, 745, n. 11 (1983)). Moreover, "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* at 249. In addition,

> [I]f [a party] in a run-of-the-mill civil case moves for summary judgment or for a directed verdict based on the lack of proof of a material fact, the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented. The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for [that party]. The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the [nonmoving party] is entitled to a verdict -- "whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed."

*Id.* at 252. The Supreme Court has also held that

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against

3

> a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

*Celotex Corp.*, 477 U.S. at 322-23.

When a motion for summary judgment is properly made, unsupported conclusory allegations do not suffice to create a genuine issue of material fact. *Thompson v. Potomac Elec. Power Co.,* 312 F.3d 645, 649 (4th Cir. 2002). The non-moving party must show the existence of specific facts which give rise to a genuine issue for trial. *Celotex Corp.*, 477 U.S. at 324. In addition, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248.

**DISCUSSION**

Plaintiff contends that it is entitled to summary judgment because the property at issue was the subject of a fraudulent conveyance. Under South Carolina law, "[e]very . . . conveyance of land[] . . . made to or for any intent or purpose to delay, hinder, or defraud creditors . . . must be deemed and taken . . . to be clearly and utterly void . . . ." S.C. Code Ann. § 27-23-10(A) (2009). South Carolina case law interpreting § 27-23-10(A) establishes three distinct situations in which a fraudulent conveyance may be found. *See Coleman v. Daniel,* 261 S.C. 198, 199 S.E.2d 74 (1974); *Jeffords v. Berry,* 247 S.C. 347, 147 S.E.2d 415 (1966). The first is "'where the transfer is made by the

grantor with the actual intent of defrauding his creditors . . . even though there is a valuable consideration.'" *Id.* at 351.³ The second situation in which a fraudulent conveyance may be found is:

> [W]here the transfer was not made on a valuable consideration, no actual intent to hinder or delay creditors must be proven. Instead, as a matter of equity, the transfer will be set aside if the plaintiff shows that (1) the grantor was indebted to him at the time of the transfer; (2) the conveyance was voluntary; and (3) the grantor failed to retain sufficient property to pay the indebtedness to the plaintiff in full - not merely at the time of the transfer, but in the final analysis when the creditor seeks to collect his debt.

*Durham v. Blackard*, 313 S.C. 432, 437, 438 S.E.2d 259, 262 (Ct. App. 1993) (citing *Coleman,* 261 S.C. at 208, 199 S.E.2d at 79). The third situation involves those cases in which property is conveyed between family members. *See Coleman*, 261 S.C. at 208, 199 S.E.2d at 79.

**I.      Fraudulent Conveyance with Consideration as to Defendants Mr. and Mrs. Carson**

Mr. and Mrs. Carson assert that the stated consideration for the transfer was $101.00; therefore, the court will analyze the facts according to the requirements of the first situation in which a fraudulent conveyance will be set aside. To set aside a transfer in which consideration has been paid, the plaintiff must "establish[] that (1) the transfer was made by the grantor with the actual intent of defrauding his creditors;⁴ (2) the grantor was indebted at the time of the transfer; and (3)

---

³According to the S.C. Supreme Court, "[a] valuable consideration, in the sense of the law, may consist either in some right, interest, profit, or benefit, accruing to the one party, or some forbearance, detriment, loss, or responsibility given, suffered, or undertaken by the other." *Furman University v. Waller*, 124 S.C. 68, 74, 117 S.E. 356, 358 (1923).

⁴ There is a genuine issue of material fact as to the first element of the first situation. As evidence that the subject property was not conveyed with fraudulent intent, these Defendants present Mrs. Carson's affidavit in which she attests that she transferred the subject property to her mother Ms. Dion with an agreement that the mother would assist with the payment and satisfaction of the Defendants' debt on this property.

the grantor's intent is imputable to the grantee." *Durham*, 313 S.C. at 437-38, 438 S.E.2d at 262 (Ct. App. 1993) (citing *Coleman*, 261 S.C. at 208, 199 S.E.2d at 79). The court must initially determine if the consideration for the transfer was actually paid. The Supreme Court requires "sufficient evidence favoring the nonmoving party." *Anderson,* 477 U.S. at 249.

In this case, to survive a motion for summary judgment for the first situation of a fraudulent conveyance, Mr. and Mrs. Carson must initially present sufficient evidence concerning consideration. According to her deposition, Mrs. Carson testified that she cannot remember if she received the $101.00 consideration from her mother, Ms. Dion. (Dep. of Mrs. Carson, p. 34, ll. 13-16). Similarly, when asked whether he had "any knowledge, one way or the other, whether [he] actually received $101.00 for the property?", Mr. Carson testified that he had no knowledge of such receipt, that he assumed that he received the consideration, but that he had no "proof." (Dep. of Mr. Carson, p. 10, ll. 10-14). Failure to remember whether valuable consideration was paid and a mere assumption that it was paid without any proof of payment whatsoever does not meet the standard of sufficiency established in *Anderson* because "reasonable minds" cannot conclude, on Mr. and Mrs. Carson's evidence, that consideration was paid. *See Anderson*, 477 U.S. at 250-51. In other words, Mr. and Mrs. Carson's absence of even "[t]he mere existence of a scintilla of evidence" on the issue of consideration does not "present[] a sufficient disagreement to require submission to a jury . . . ." *Anderson*, 477 U.S. at 251-52. Therefore, the first situation for fraudulent conveyance is not applicable in this case.[5]

---

[5]Since these Defendants have failed to meet their burden of proof as to whether there was consideration for the conveyance of the subject property, the court does not find it necessary to address Plaintiff's arguments, in its Memorandum in Support of Summary Judgment [Entry # 45], about "grossly inadequate" consideration as it is one of the "badges of fraud" to be analyzed under the intent to defraud element of the first situation. *Jeffords, 247* S.C. at 351-52.

The court now turns to the second situation in which a transfer will be set aside because of a fraudulent conveyance.

II. **Fraudulent Conveyances without Consideration as to Defendants Mr. and Mrs. Carson**

A conveyance may also be set aside where there is no consideration, in which case "no actual intent to hinder or delay creditors must be proven." *Durham*, 313 S.C. at 437-38. Again, to set aside a conveyance under this condition, the moving party must establish "that (1) the grantor was indebted to him at the time of the transfer; (2) the conveyance was voluntary; and (3) the grantor failed to retain sufficient property to pay the indebtedness to the plaintiff in full - not merely at the time of the transfer, but in the final analysis when the creditor seeks to collect his debt." *Id.* As to the first element of situation two, there is no genuine dispute concerning Mr. Carson's indebtedness to Plaintiff. The Default Judgment entered against Mr. Carson indicates that he owed in excess of $112,000.00 to Plaintiff at the time of the transfer of the property to Ms. Dion. As to the second element, this court has determined, above, that there was no consideration for the transfer; therefore, it is "voluntary." *Royal Z Lanes, Inc. v. Collins Holding Corp.,* 337 S.C. 592, 594, 524 S.E.2d 621, 622 (1999). A "voluntary conveyance" is a "transfer made without valuable consideration . . . ." *Id* at 594.

As to the third element, the court finds that there are genuine issues of material fact whether Mr. and Mrs. Carson retained sufficient assets to pay Plaintiff. In this case, the subject property that Defendants transferred was the 50.2 acres. When asked in her deposition whether, without the land, Mr. and Mrs. Carson could satisfy the Default Judgment entered against Mr. Carson, Mrs. Carson answered, "[n]o. I wish we could." (Dep. of Mrs. Carson, p. 66, ll. 3-5). But when asked "[i]f you

don't sell the property in question today, do you have the assets to pay off the loan or the judgment that Community Bank of Mississippi has?", Defendant Donald Carson replied: "If we - I guess if we sold our house, we might would." (Dep. of Mr. Carson, p. 44, ll. 6-19). Plaintiff presents no evidence about the value of Mr. and Mrs. Carson's home; consequently, the court cannot determine whether, based on the home's value and the Defendants' contradictory deposition testimony, Mr. and Mrs. Carson retained sufficient assets to pay Plaintiff. Since at the time of the conveyance of the 50.2 acres Defendants did not transfer their home to Mrs. Dion or anyone else, Mr. Carson's testimony raises a genuine issue of material fact concerning the third element of situation two. *See Dunham*, 313 S.C. at 437-38, 438 S.E.2d at 262.

## II. Fraudulent Conveyance as to the Estate of Alta Nell Dion

Plaintiff also contends that it is entitled to summary judgment as to Defendant Elizabeth D. Moore, Personal Representative of the Estate of Alta Nell Dion ("Ms. Moore") and as to Defendant Estate of Alta Nell Dion ("Ms. Dion's Estate").[6] Under South Carolina law, "[w]here transfers to members of the family are attacked either upon the ground of actual fraud or on account of their voluntary character, the law imposes the burden on the <u>transferee</u> to establish both a valuable consideration and the bona fides of the transaction by clear and convincing testimony." *Coleman*, 261 S.C. at 208, 198 S.E.2d at 79 (emphasis added) (citing *Gardner v. Kirven*, 184 S.C. 37, 191 S.E. 814, 816 (1937)).

---

[6]A claim for fraudulent conveyance is one that survives a decedent's death: "Except as to proceedings which do not survive the death of the decedent, a personal representative of a decedent domiciled in this State at his death has the same standing to sue and be sued in the courts of this State and the courts of any other jurisdiction as his decedent had immediately prior to death." S.C. Code Ann § 62-3-703(c) (2009).

In this case, on June 30, 2008, Mr. and Mrs. Carson transferred their property to Mrs. Carson's mother, Ms. Dion. On July 16, 2008, Ms. Dion executed a codicil to her will in which she devised the subject property to her daughter, Mrs. Carson. On July 24, 2008, Ms. Dion died. Therefore, the transferors in this case are Mr. and Mrs. Carson, and the transferee is Defendant Estate of Alta Nell Dion ("Ms. Dion's Estate"). Here, Ms. Dion's Estate failed to meet their burden of proof because they have presented no evidence concerning consideration and the transaction's legitimacy. Under *Celotex,* "[r]ule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322 (emphasis added). When the party with the burden of proof fails to present such evidence, "[t]he moving party is 'entitled to judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Id* at 323. Again, the record is devoid of any evidence presented by Defendants Moore and the Estate of Alta Nell Dion concerning payment of consideration. Therefore, with respect to these Defendants, summary judgment in favor of Plaintiff is appropriate.

## CONCLUSION

Based on the foregoing, the court **DENIES** Plaintiff's motion for summary judgment with respect to Defendants Donald and Janet Carson; furthermore, the court **GRANTS** Plaintiff's motion for summary judgment with respect to Defendants Elizabeth D. Moore as Personal Representative and the Estate of Alta Nell Dion.

**IT IS SO ORDERED**.

s/ J. Michelle Childs
U.S. District Judge

September 23, 2010
Greenville, South Carolina